## ACTION UPON CONTRACT OF INSURANCE.

Common Pleas Court of Hamilton County.

FRANCIS C. BECKEL v. OHIO NATIONAL LIFE INSURANCE CO. ET AL.

Decided, April 10, 1913.

*Pleading—Setting up a By-law of Defendant Insurance Company—Not a Departure where the Action is on the Policy.*

It is not a departure, in an action on a policy of insurance, to set up in the reply the provisions of a by-law of the defendant company, which is a part of the contract of insurance and negatives the effect of an affirmative defense and therefore tends to fortify and strengthen the cause of action set up in the petition.

*Bettinger, Guckenberger, Schmitt & Kreis,* for the motion.
*George Franklin Osler* and *Nelson & Hickenlooper,* contra.

GEOGHEGAN, J.

On motion to strike from reply.

Plaintiff sues on a contract of insurance in a mutual life insurance company.

Defendant in its answer sets up as an affirmative defense the non-compliance with a by-law requiring the payment of certain assessments within thirty days after notice thereof as constituting a forfeiture of the rights under the contract.

Plaintiff replies by setting up a compliance with another by-law of the company providing for the reinstatement of the member whose insurance had lapsed by reason of the failure to pay dues and assessments which tends to avoid the effect of the forfeiture alleged under the affirmative defense in the answer of the defendant.

Defendant moves to strike this matter from the reply on the ground that the same is irrelevant and immaterial and that it constitutes a departure from the cause of action set forth in the petition.

The matter set up in the reply is material and relevant because it is setting up the provisions of a by-law which is part of the

contract of insurance and therefore tends to strengthen and fortify the cause of action set up in the petition. It is not inconsistent with, and therefore does not constitute a departure from the cause of action set forth in the petition.

A departure is defined to be the statement of matter in a replication or subsequent pleading as a cause of action or defense which is not pursuant to the previous pleading of the same party and does not fortify it. *State, ex rel,* v. *Road Company,* 13 Ohio C. C. Rep., 375; *Insurance Company* v. *Title Company,* 42 N. E. Rep., 41.

Therefore, as the matter set up in the reply does fortify the petition of plaintiff and constitutes an answer to the affirmative defense set up in the answer of defendant, the court is of the opinion that it is not a departure. Ohio General Code, Section 11326.

The case of *Scheifers* v. *Insurance Company,* 46 Ohio State, 418, is distinguishable from the case at bar. In that case the petition of plaintiff admitted a forfeiture under the contract of insurance, but pleaded a Massachusetts statute preventing a forfeiture under certain conditions and upon certain terms. The Supreme Court held that the petition itself did not state facts sufficient to bring it within the terms of the Massachusetts law and that for that reason the petition was demurrable.

An examination of the case of *Kehm* v. *Insurance Company,* 12 Ohio Dec., N. P., 227, will show that the facts set up in the reply changed completely the cause of action set forth in the petition. The same is true with reference to the cases cited by Judge Davis in his opinion.

The contention of counsel for defendant that the matter set up in the reply should be set up in the petition is not tenable. To require the plaintiff to set up in the petition facts which negative non-compliance with all the conditions of forfeiture set forth in the by-laws would be putting upon him a burden not contemplated by the code.

The motion will be overruled.